# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

SAUL ALEJANDRO RODRIGUEZ,    )
        )
    Petitioner,    )
        )
v.    )    Case No. CIV-26-00161-JD
        )
USA,    )
        )
    Respondent.    )

## ORDER

Before the Court is a Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin on February 27, 2026. [Doc. No. 7]. Petitioner filed a Petition for Writ of Habeas Corpus on January 30, 2026. [Doc. No. 1]. On February 11, 2026, Judge Erwin issued an Order notifying Petitioner that (1) his petition was not on the proper form; (2) he must either pay the $5.00 filing fee or be granted leave to proceed without prepayment of fees; and (3) he must name a proper respondent. [Doc. No. 4]. The Petitioner was ordered to cure these deficiencies by March 2, 2026. *Id.* at 2. Petitioner was further advised that failure to comply with the Order may result in the dismissal of the action without prejudice. *Id.*

Petitioner did not respond to the Court's Order and thus did not cure the deficiencies. Judge Erwin then issued his Report and Recommendation, recommending this action be dismissed without prejudice for Petitioner's failure to comply with the Court's Order and rules. [Doc. No. 7].[1]

---

[1] As noted in the Report and Recommendation, the mail from the Court has been

Judge Erwin advised Petitioner of his right to object to the Report and Recommendation by March 16, 2026, and warned Petitioner that failure to file a timely objection waives the right to appellate review of the factual and legal issues in the Report and Recommendation. [Doc. No. 7 at 3].

Petitioner did not file an objection to the Report and Recommendation. Therefore, Petitioner has waived any objection to the Report and Recommendation recommending dismissal. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."). The Court does not view the interests of justice as requiring an exception to the firm waiver rule here. *See Morales-Fernandez v. INS*, 418 F.3d 1116, 1119–20 (10th Cir. 2005).

Alternatively, although the Court is not required to conduct a de novo review of the Report and Recommendation unless a party timely objects, *see* 28 U.S.C. § 636(b)(1), the Court has conducted such a review and concludes that dismissal without prejudice is

---

returned as undeliverable. *See* [Doc. Nos. 5, 6, 8]; *see also* [Doc. No. 7 at 2]. However, it is the Petitioner's burden to update his address with the Court, and papers sent by the Court "will be deemed delivered if sent to the last known address given to the Court." LCvR5.4; *see* Fed. R. Civ. P. 5(b)(2)(C); *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties are far better situated to know of any errors in their address information, thus, they bear the burden of filing notice of a change of address . . . . The fact that [the petitioner] is acting pro se does not eliminate this burden.").

appropriate for Petitioner's failure to prosecute and failure to comply with the Court's local rules and orders, including Judge Erwin's order to cure deficiencies. *See* Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). "The 'authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' . . . [D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (quoting *Link*, 370 U.S. at 630–31; citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)).

Accordingly, the Court ACCEPTS the Report and Recommendation [Doc. No. 7] and DISMISSES this action WITHOUT PREJUDICE.[2] A separate judgment will follow.

IT IS SO ORDERED this 18th day of March 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] Because the firm waiver rule applies, Petitioner has waived appellate review so no certificate of appealability is required. Alternatively, the Tenth Circuit has stated that a certificate of appealability "is not required in order to appeal a final order in a proceeding under 28 U.S.C. § 2241" for a federal inmate. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 165–66 (10th Cir. 1996)).